LIZZIE M. MADDOCKS vs. MILFORD L. KEENE.

Knox. Opinion March 10, 1916.

*Effect of Removal of Seals or Wafers from Deed after Execution and Delivery.*     *Probate Deeds.*

Action of trespass quare clausum wherein plaintiff seeks to recover damages on account of defendant tearing down fence and permitting defendant's cattle to trespass upon the close of the plaintiff. The printed record shows that the plaintiff and her predecessors in title had been in possession of the disputed close under warranty deeds for several years and no question was raised as to their title. In making up the chain of title, plaintiff offered an administrator's deed, to which objection was raised by defendant, on account of certain irregularities in not complying with the provisions of the statute relative to probate deeds. The plaintiff also offered original deed conveying title to her, to which deed defendant offered objections, on the ground that said deed was mutilated, that it did not purport to bear any legal seals and for that reason was void.

Defendant offered no evidence of title in himself or any one under whom he claimed or authority from the plaintiff to do the acts complained of, but relied for his defense upon the fact that the plaintiff had neither title nor possession to the disputed premises.

*Held:*

1. That under and by virtue of section 30, chapter 73, Revised Statutes, referring to the sales of real estate by license of the probate court that "if the validity of such sale is contested by one claiming adversely to the title of the wife, ward, or deceased aforesaid, or by a title not derived through either, the sale is not void on account of any irregularity in the proceedings, if it appears that the license was granted by a court of competent jurisdiction and the deed duly executed and recorded."

2. That the declaration by the signers of an instrument that they had signed and sealed, the declaration of the subscribing witnesses that it was signed, sealed and delivered in their presence, the certificate of the Notary Public who took the acknowledgment that they acknowledged it to be their free act and deed, that the under part of the seals or wafers remained on said instrument, that the signature of the grantor was written to avoid writing on the seal or wafer, all considered together are sufficient proof, without something to overcome it, that the instrument was what it purported to be, a deed duly sealed, and that the attempted removal of the seals was after the delivery of the deed.

3. Such deed or instrument would be a sufficient deed to convey title to the land or premises described therein.

Action of trespass quare clausum. Defendant pleaded general issue with brief statement denying the title in plaintiff and claiming title in defendant. Case reported to the Law Court for determination upon so much of the evidence as was legally admissible. Judgment for plaintiff. Damages assessed at ten dollars.

Case stated in opinion.

*M. T. Crawford, and A. S. Littlefield,* for plaintiff.

*Montgomery & Emery,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, JJ.

HALEY, J. This is an action of trespass quare clausum wherein the plaintiff seeks to recover damages on account of the defendant tearing down a fence and letting his cattle upon the close of the plaintiff, situated in Camden, and is before this court on report.

The record shows that the defendant admitted to the husband of the plaintiff that he tore down the fence, as alleged in the writ.

The defendant offered no evidence of title in himself or any one under whom he claimed, or authority from the plaintiff to do the acts complained of, but relies for his defence upon the fact that the plaintiff had neither title nor possession to the premises. The record shows the parties under whom the plaintiff claims title had been in possession under warranty deeds, duly recorded, for several years, and no question is raised as to their title, except the defendant questions the validity of the title conveyed by Joslin, administrator of one Perry, claiming that certain provisions of the statute as to notice, etc., were not proved to have been given; but the defendant cannot raise that question. It is provided by section 30, chapter 73, R. S., referring to the sales of real estate by license of the probate court: "If the validity of such sale is contested by one claiming adversely to the title of the wife, ward or deceased aforesaid, or by a title not derived through either, the sale is not void on account of any irregularity in the proceedings, if it appears that the license was granted by a court of competent jurisdiction, and the deed duly executed and recorded." As said by the court in *Webster* v. *Calden*, 53 Maine, 205, the defendant "by section 30 can only contest the demandant's deed on the grounds that the license was not granted by a court of competent jurisdiction, and that the deed was not duly executed and recorded. But the jurisdiction of the court was unquestioned, and the deed under which the demandant claims was duly executed and recorded." In this case the license was issued to Joslin, administrator of Perry, to sell the real estate described in the deed given by Joslin. The probate court which issued the license was a court of competent jurisdiction, the deed was duly executed and recorded. As the defendant does not claim title either in himself or any one under whom he acted adversely to the wife, ward or the deceased, or title derived through either, he cannot contest the plaintiff's title claiming under the deed, except in the above two respects, and there can be no question from the record, but that the court had competent jurisdiction, and the deed was duly executed and recorded.

The defense is that the instrument offered by the plaintiff to prove her title from Lillian S. Ingraham to herself, although in the form of a warranty deed, properly signed, witnessed and acknowledged, was not a deed because it was not sealed. It is true, as claimed by the defendant, that in this State title to real estate can only be conveyed by a deed under seal, and that an instrument which lacks the seal is void as a deed. Formerly the seal was of wax and an impression made thereon. "The annexing of a piece of paper by wafer, wax, gum, or any adhesive substance is now everywhere regarded as equivalent to the impression formerly required, and makes a valid seal." *McLaughlin* v. *Randall,* 66 Maine, 226. The original instrument is before us and it contains the usual clause wherein the grantor and her husband state that they have set their hands and seals to the instrument, which is some evidence that the deed was duly sealed. Two subscribing witnesses signed the deed as signed, sealed and delivered in their presence, which is some evidence that the deed was sealed. In addition, one of the subscribing witnesses took the acknowledgment of the grantor as a Notary Public that the plaintiff acknowledged it as her free act and deed, and an inspection of the instrument shows opposite the signatures of the grantor, Lillian S. Ingraham, and her husband, Edwin Ingraham, that two seals had been attached to the instrument and part of them had been removed, leaving the underside of the seal to which the adhesive substance was attached that caused them to adhere to the instrument, but enough remains upon the instrument so that if it was placed there in the first place it would have been a good seal, answering the requirements of being a piece of paper annexed with "adhesive substance," *McLaughlin* v. *Randall,* supra, and the manner in which the signatures were written upon the instrument shows that the seals were upon it when the signatures were written, the grantor in writing her name being obliged to write the last two letters of her name off the line and between the two seals to avoid writing upon the seals.

The defendant offered no testimony that the instrument was not sealed except as shown by the instrument itself, and we think that the declaration by the signers that they had signed and sealed,

the declaration of the subscribing witnesses that it was signed, sealed and delivered in their presence, the certificate of the Notary Public who took the acknowledgment that they acknowledged it to be their free act and deed, which it could not have been if not sealed, and the parts of the wafers which remain on the paper and which were undoubtedly the under part of the seals at some time attached to the instrument, and the manner that the signature of the grantor is written to avoid writing on the seal, all considered together are sufficient proof, without something to overcome it, that the instrument was what it purported to be, a deed duly sealed, and that the attempted removal of the seals was after the delivery of the deed, and by it the plaintiff obtained the title to the land described in the instrument and in the writ.

The remaining question is one of damages. There being no evidence explaining the defendant's admission, as testified to, that he tore down the fence, and the other evidence that his cattle were on the premises, the case resolves itself into the question of the amount of damages. They were small and the evidence is meagre as to the amount; $10 will not be excessive as damages.

*Judgment for the plaintiff.*
*Damages assessed at $10.00.*